ROLAND FLYNN v. THE STATE.

No. 17504.    Delivered April 10, 1935.

The opinion states the case.

C. F. Stevens and S. F. Hill, both of Houston, for appellant.

Lloyd W. Davidson, State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is misdemeanor theft; the punishment, confinement in jail for two years.

On September 1, 1934, S. J. Duncan lost a 1926 model T Ford sedan. Touching his recovery of the car, he testified: "I have since then recovered the car. It was in the timber; I don't know the name of the street or the road, you might call it, but it leads right back from the old Rodeo dance hall out there in the woods, where you go out Yale Street road until you get to where the assistant district attorney lives—that is the only way I can describe the location. I know where 19th Street is; it was the other side of 19th Street, I judge in the neighborhood of two miles, the way you have to go to get to it." He testified, further, that when he recovered his automobile the tires, rims and battery were gone. Henry Lee Conner, a witness for the State, testified that he saw appellant and another man on September 1, 1934, drive by his house and go in the direction of town in a Chevrolet automobile; that he (the witness) lived off of Lowell Street on Pierce Highway; that in going to school he went through Houston Heights; that when he first saw appellant and his companion one of them was driving a model T car; that the model T was driven into Warneke's pasture; that both men went into Warneke's pasture at the time; that they later came out and drove a Chevrolet automobile toward town; that the model T car referred to was "blackish brown." Raymond Connor, a witness for the State, testified

that he lived on Pierce Avenue; that on September 1, 1934, he saw an automobile in the Warneke pasture; that it was a model T Ford automobile; that some man, who had his back to him, was taking something off of the car with a wrench. J. D. Walters, a witness for the State, testified that he arrested appellant and Cotton Mistrell on the first of September, 1934, at 8:30 p. m.; that said parties were driving out Yale Avenue toward Lowell Street in a Chevrolet touring car. Oscar Weathers, a witness for the State, testified that he lived three-quarters of a mile off of Lowell Street; that he saw a man resembling appellant, in a green Chevrolet automobile in the vicinity of Warneke's pasture on September 1, 1934; that in Warneke's pasture he saw a model T Ford car which had been stripped.

Appellant did not testify in his own behalf, but introduced witnesses whose testimony raised the issue of alibi.

We think the evidence is insufficient to show that the car recovered by S. J. Duncan was the same car appellant was seen in possession of in Warneke's pasture. Duncan did not testify that he got his car in Warneke's pasture. The officers or others who might have aided him in recovering the car were not called to testify as to the place where it was found. We would not be warranted in presuming that the woods "on the other side of 19th Street" referred to by Duncan in his testimony were in the Warneke pasture. The witnesses testifying to the location of Warneke's pasture placed it in the vicinity of Lowell Street and Pierce Highway. No witness described the car found in Warneke's pasture, other than to say it was a Model T, Ford car. In short, the testimony fails to identify the model T car shown to have been in the possession of appellant as being the property of Duncan.

If another trial be had, we think the testimony touching the fact that appellant may have been under bonds in other cases should not be received.

While not predicating a reversal upon the matter, we are of the opinion that the trial judge should not have embraced in his charge the statement that a conviction may be had upon circumstantial evidence as well as upon direct evidence. Appellant timely excepted to this portion of the charge.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judge of the Court of Criminal Appeals and approved by the Court.